**HARTFORD–CONNECTICUT TRUST CO. v. EATON, Collector of Internal Revenue.**

District Court, D. Connecticut. June 23, 1928.

Nos. 3150, 3151.

Internal revenue ⬅25—Previously decided case held reasonable cause for failure to file return, but not excuse for unreasonable delay after reversal of case (26 USCA §§ 97, 98).

Under Rev. St. § 3176, as amended by Revenue Act 1918, § 1317 (26 USCA §§ 97, 98; Comp. St. § 5899), previously decided case, holding that particular profits were not income, *held* reasonable cause for failure to file tax return at time when otherwise due, but not protection against imposition of penalty for failure to make such return for more than two years after the case relied on had been reversed.

At Law. Action by the Hartford-Connecticut Trust Company, trustee, estate of Philip Corbin, and action by the Hartford-Connecticut Trust Company, trustee, estate of Orlando Miner, both against Robert O. Eaton, Collector of Internal Revenue. Judgment for defendant in each case.

John W. Joy and E. F. Donaghue, both of Hartford, Conn., for plaintiff.

George H. Cohen, Ass't U. S. Atty., of Hartford, Conn., for defendant.

BURROWS, District Judge. As the same question is in dispute in each of the above cases, they will be disposed of together in one memorandum. As the parties have stipulated to the material facts in each of these cases, it is unnecessary to review them.

Additional evidence, however, was offered by the plaintiff, through Clark T. Durant, vice president and trust officer of the plaintiff trust company, that at the time of filing the returns of income in the said two estates he consulted with the collector of internal revenue, and was advised to make return of the profit from the sale of property in each case, about which there was a question as to the liability to pay a tax, on fiduciary return form No. 1041, with a statement that the decision in the Brewster v. Walsh Case, 268 F. 207, decided by Judge Thomas in this district (dated December 16, 1920), held that said profits were not income. Mr. Durant further testified that he rested upon the decision of Judge Thomas in Brewster v. Walsh, and did not follow the course of the case at all, other matters of business engaging his attention.

The only question involved in these cases is whether or not the fact that, at the time for filing returns on form 1040, the case of Brewster v. Walsh, in holding that profits from such sales were not taxable income, would be reasonable cause for not filing such returns for approximately 2½ years after the decision of the Supreme Court reversing the decision of Judge Thomas in the said case.

The plaintiff claims that the collector was not justified in imposing any penalty because the decision of Judge Thomas in the case of Brewster v. Walsh was reasonable cause for not filing returns on or before March 15, 1921, and as there was reasonable cause for not filing them on that date, the Commissioner is thereafter precluded from imposing any penalty. Further, that under section 3176, as amended by section 1317 of the Revenue Act of 1918 (26 USCA §§ 97, 98; Comp. St. § 5899), the only penalty that can be imposed is for failure to file within the prescribed time without reasonable cause for such failure; that the ground for penalty is complete on March 15, 1921, and that nothing that is done thereafter can change the situation.

I cannot agree with the position of the plaintiff. The plaintiff had reasonable cause for not making a return on form 1040 on March 15, 1921, in view of the Brewster v. Walsh Case. The decision of the Supreme Court, however, rendered the cause for not filing of no effect after March 28, 1921. The fact that the plaintiff did not follow the course of the Brewster v. Walsh Case, and that it had other business to perform, does not seem to me a reasonable cause for failure to file a return for more than 2½ years after the Supreme Court decision in the Brewster v. Walsh Case, and then not until two months after demand having been made by the collector.

It is not probable that section 3176, as amended, was ever intended to mean that, if a reasonable cause existed on the date set for filing returns, and such cause was thereafter eliminated, the taxpayer could not be subjected to a penalty for failure to file, no matter how much time elapsed. The purpose of this statute is to facilitate the collection of taxes, and, if such a construction were given as urged by the plaintiff, a person could neglect to file his return not only 2½ years, but any number of years, and the penalty statute would avail nothing, which is clearly not a reasonable construction.

Judgment may therefore be entered for the defendant in each case, without costs.